IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN WAYNE DAVIS,<br>    #12591-088,<br>            PLAINTIFF,<br><br>V.<br><br>BOP, ET AL.,<br>            DEFENDANTS. | §<br>§<br>§<br>§<br>§  CIVIL CASE NO. 3:22-CV-2395-M-BK<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Kevin Wayne Davis' motion to proceed *in forma pauperis* but did not issue process pending preliminary screening. Doc. 9. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED**.

**I. BACKGROUND**

On October 25, 2022, Davis, a federal prisoner at FCI Seagoville, filed a *pro se* letter-complaint alleging violations under the Federal Tort Claims Act ("FTCA") and deliberate indifference to his mental and physical needs because he was denied prescription medications for 31 days while confined in the special housing unit (SHU). Doc. 3 at 1. Davis enclosed his correspondence with the United States Bureau of Prisons (BOP) confirming his FTCA claim was received for processing on September 13, 2021, and that it remained pending as of April 13, 2022. Doc. 3 at 2-3. In his amended complaint, Davis sues the BOP, the Department of Justice

(DOJ), and Seagoville FCI for failing to give him his prescription medications while in the SHU from August 23, 2020, to September 23, 2020. Doc. 7 at 3-4. He seeks monetary relief.

In answer to the Court's questionnaire, Davis states that he is suing (1) the BOP, the DOJ, FCI Seagoville and Warden K. Zook under FTCA, Doc. 11 at 1-2, and (2) the BOP and Warden Zook for deliberate indifference, Doc. 11 at 3-4. The latter claim is thus liberally considered under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

As detailed below, Davis has not pled a legally cognizable FTCA claim and *Bivens* does not extend to his medical care claim. His complaint should therefore be dismissed.

## II. ANALYSIS

### A. Jurisdiction Lacking Over FTCA Claims

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001). Upon review and for the reasons stated here, the Court concludes it lacks jurisdiction over Davis' FTCA claims.

The FTCA waives the United States' sovereign immunity from tort suits. 28 U.S.C. § 2674; 28 U.S.C. § 1346(b)(1). The proper defendant in a case brought under the FTCA is the United States of America, not an agency or its employees. *Galvin v. Occup. Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); *see also McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) ("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant."). Davis did not include the United States as a defendant in his amended complaint or answers to the questionnaire, and asserts claims only against the BOP, the DOJ, FCI Seagoville, and Warden Zook under the FTCA. Doc. 11 at 2; Doc. 7 at 3. In other words,

despite being provided the opportunity to, Davis failed to "name the United States as the sole defendant" in any of his pleadings. *McGuire*, 137 F.3d at 324. Because the individual and federal agencies named as Defendants cannot be sued under the FTCA, the Court lacks jurisdiction over Davis's tort claims against them.

### B. Preliminary Screening of Remaining Claims

Since Davis is proceeding *in forma pauperis*, his remaining claims are subject to preliminary screening under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Those sections provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Davis' remaining claims should be dismissed for failure to state a claim.

### 1. Federal Agency and Official Capacity Claims Fail and No Supervisory Liability

Davis sues the BOP and Warden Zook under *Bivens* based on the same events for which he seeks redress under the FTCA. Doc. 11 at 4; Doc. 7 at 3. But if Davis seeks monetary

damages against Zook in her official capacity, that claim is barred by sovereign immunity because her actions are considered the actions of the federal agency by whom she is employed. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (citations omitted)). Under the doctrine of sovereign immunity, the United States Government cannot be sued unless it gives its consent. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit" (internal quotations and citations omitted)). Likewise, federal agencies, such as the BOP, cannot be sued under *Bivens*. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 484-86 (1994); *Watkins v. Carter*, No. 20-40234, 2021 WL 4533206, at *3 (5th Cir. Oct. 4, 2021) (dismissing claim for damages claim against the BOP).

  2. *Bivens Does Not Extend to Permit Davis' Individual Capacity Claim*

   Davis also seeks monetary damages against Warden Zook in her individual capacity for the denial of prescription medications for 31 days while in the SHU. *Bivens*, however, does not extend to these claims as explained below. Recently, the Supreme Court reiterated that expanding *Bivens* causes of action is "a 'disfavored' judicial activity." *Egbert v. Boule*, --- U.S. ----, 142 S. Ct. 1793, 1803 (2022) (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)). "[S]eparation-of-powers principles are . . . central to the analysis" of *Bivens*' expansion, and the question is whether Congress or the courts should decide to authorize a damages suit. *Ziglar*, 137 S. Ct. at 1857.

   Thus, the Supreme Court has developed a two-part test to determine whether a *Bivens* claim may proceed. *Egbert*, 142 S. Ct. at 1803. First, a court must ask whether the

plaintiff's claim "presents 'a new Bivens context'—i.e., is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Id.* Second, if it is, the court asks whether there are "special factors counselling hesitation" in extending the *Bivens* remedy. *Ziglar*, 137 S. Ct. at 1857-60. These two steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 142 S. Ct. at 1803. "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* (citations omitted).

The Supreme Court has extended *Bivens* claims to only those arising from three specific factual scenarios:

> (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389–90, 91 S. Ct. 1999; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979); and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980).

*Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020). "Virtually everything else is a 'new context'" *id.* (citations omitted), because a case needs only be "different in [one] meaningful way from previous *Bivens* cases" for the context to be new, *Ziglar,* 137 S. Ct. at 1859.

Of the three recognized *Bivens* actions, Davis' case is most like *Carlson* because it involves alleged violations concerning medical care under the Eighth Amendment. Davis' case, however, differs from *Carlson* in more than one meaningful way. First, the Defendant's conduct at issue differs markedly from that in *Carlson*. Davis' medical conditions are vastly less serious. He does not suffer from chronic, mistreated asthma. And his overall injuries are "measurably

less serious than that in *Carlson*, as he obviously does not allege a significant failure of the medical delivery system that led to the prisoner's death." *Manzo v. Mateware, et al.*, No. 3:19-CV-812-S-BK, 2021 WL 6284098, at *4 (N.D. Tex. Dec. 13, 2021), *R. & R. adopted*, 2022 WL 48395 (N.D. Tex. Jan. 5, 2022), *aff'd on other grounds*, 2022 WL 5101930 (5th Cir. Oct. 4, 2022). Also, the alleged denial of prescription medications also lasted only 31 days. Simply stated, Davis' claims "differ in both 'type and severity' from *Carlson*" and thus they present a new *Bivens* context. *See Manzo*, 2021 WL 6284098, at *4 (finding delay and denial of medical treatment resulting in irreversible retinal damage and partial loss of eyesight were a new context); *Vaughn v. Bassett*, No. 1:19cv129-C, 2022 WL 4299720, at *3 (N.D. Tex. Sep. 19, 2022), *notice of appeal filed*, No. 22-10962 (Oct. 6, 2022) (same finding for delay in consultation with surgeon that foreclosed surgery as a safe treatment option for injury to cheek bone).

"This 'substantial difference in the factual context of the two cases is sufficient for this Court to conclude that the Eighth Amendment claim asserted here presents a new *Bivens* context.'" *Manzo*, 2021 WL 6284098, at *4 (citations omitted); *see Dissler v. Zook*, No. 3:20-CV-00942-D(BT), 2021 WL 2598689, at *4 (N.D. Tex. May 7, 2021), *R. & R. adopted*, 2021 WL 2589706 (N.D. Tex. June 23, 2021) (same for inadequate dental treatment claim); *Nabaya v. Bureau of Prisons*, No. 3:19-CV-215-L-BN, 2020 WL 7029909, at *4 (N.D. Tex. Oct. 7, 2020) (same for periodontal care claim "vastly less serious" than in *Carlson*), *R. & R. adopted*, 2020 WL 7027470 (N.D. Tex. Nov. 30, 2020).

Next, there are special factors counseling hesitation in extending the *Bivens* remedy to this new context. The BOP's administrative remedy program offers Davis an alternative method to raise his claims. *See Watkins*, 2021 WL 4533206, at *2. Since *Zigler*, many courts have recognized the BOP's administrative remedy program as an alternative process and a special

factor that forecloses expansion of the *Bivens* remedy. *See Butler v. S. Porter*, 999 F.3d 287, 294 (5th Cir. 2021), *cert. denied sub nom. Butler v. Porter*, 142 S. Ct. 766 (2022). Likewise, the FTCA offers an alternative remedial scheme and, as such, weighs against inferring a new *Bivens* cause of action. *See Oliva,* 973 F.3d at 444 (citing 28 U.S.C. § 2680(h)). And courts have deferred to prison officials' decision making and such wide-ranging deference cautions against creating a new remedy in this area. *Butler*, 999 F.3d at 295 ("Running a prison . . . requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." (cleaned up) (quoting *Turner v. Safley*, 482 U.S. 78, 84–85 (1987))).

Finally, Davis' failure to state a claim is another sound reason to exercise caution in this case. "The lack of merit of the claims . . . and whether to find a remedy merge to weigh against the creation of a *Bivens* remedy." *Manzo*, 2021 WL 6284098, at *5 (citations omitted).

First, Davis' claim is barred by the two-year statute of limitations. *See Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010) (statute of limitations in a *Bivens* action is two years— the limitations period governing personal injury tort actions under Texas law); *see also Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions). Here, Davis asserts he was denied prescriptions medications from August 23, 2020, to September 23, 2020. Doc. 7 at 4. Thus, the deadline for filing a *Bivens* suit was no later than September 23, 2022. But October 21, 2022, nearly a month later, is the earliest possible date on which Davis' original complaint can be

deemed filed.[1]  Doc. 3 at 4.  So under the facts alleged in the amended complaint, all claims against Warden Zook are barred by the two-year statute of limitations.

In addition, Warden Zook may not be held liable under *Bivens* under a theory of supervisory liability.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) (supervisory government employees are only liable for their own misconduct, and the theories of *respondeat superior* or vicarious liability do not provide a basis for liability).  Rather, to impose liability against a supervisory official, the plaintiff must establish the defendant's (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Turner v. Lt. Driver*, 848 F.3d 678, 695-96 (5th Cir. 2017).

Davis sues Zook because she "is responceable [sic] for her staff [and] it is her job to manage to oversee B.O.P policy and to police her staff."  Doc. 11 at 4.  Davis alleges no facts that implicate Zook's personal conduct in the incident complained of.  *Id*.  Therefore, his claims against Zook lack facial plausibility and should be dismissed.

### III.  LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."  *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'"  *Id.*  Here, based on the legal theories and facts Davis' posits, he cannot, as a matter of law, state a

---

[1] A *pro se* prisoner's complaint is deemed filed as soon as the prisoner deposits it into the prison mail system.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).  Davis did not date or sign the original complaint.  Doc. 3 at 1.  It was also postmarked by the U.S. Postal Service on October 21, 2022, well outside the two-year limitations period.  Doc. 3 at 4.

plausible legal claim. In addition, Davis filed an amended complaint, Doc. 7, after which the Court permitted him to supplement and clarify the amended complaint by his Answers to the Magistrate Judge's Questionnaire, Doc. 11, including specifically identifying who he intended to sue under the FTCA, *Id*. at 2. Under these circumstances the Court can only conclude that Davis has already pled his best case and granting further leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

For all these reasons, Davis' FTCA claims should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction and his *Bivens* claims should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim and for seeking monetary relief against Defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on February 13, 2023.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).